IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NO. 10-34611-JS |
| EMPIRE TOWERS CORPORATION | * | (Chapter 7) |
| | * | |
| Debtor. | * | |
| _____ | * | |
| | * | |
| JOSEPH J. BELLINGER, TRUSTEE | * | |
| 300 E. Lombard Street, Suite 2010 | * | |
| Baltimore, MD 21202 | * | Adversary No. _____ |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| JOSEPH A. GIORDANO | * | |
| 2530 Riva Road | * | |
| Suite 312 | * | |
| Annapolis, MD 21401 | * | |
| | * | |
| and | * | |
| | * | |
| EMPIRE CORPORATION | * | |
| 7310 Ritchie Highway | * | |
| Azar Annex Suite 117A | * | |
| Glen Burnie, Maryland 21061 | * | |
| | * | |
| Serve: Wilfred T. Azar, III, | * | |
|      Resident Agent | * | |
|      215 Alynn Way | * | |
|      Queenstown, Maryland 21658 | * | |
| | * | |
| Defendants | * | |

**COMPLAINT TO RECOVER FRAUDULENT CONVEYANCES**

Plaintiff, JOSEPH J. BELLINGER (the "Plaintiff"), the Chapter 7 Trustee for the Bankruptcy Estate of Empire Towers Corporation (the "Debtor"), by Offit Kurman, P.A., pursuant to 11 U.S.C. §§ 554, 548, and 550, files this Complaint against JOSEPH A. GIORDANO ("Defendant") and EMPIRE CORPORATION, persons or entities that conduct business in the State of Maryland, stating as follows:

## JURISDICTION

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Bankruptcy Rules.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. §§ 544 and 548, and Rule 7001 of the Bankruptcy Rules. Venue is proper in this District pursuant to 28 U.S.C. §§ 1407 and 1408.

3. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(A), (H), and (O).

## FACTUAL BACKGROUND

### A. Affiliated Entities & Bankruptcy Proceedings

4. The allegations herein rely on a complex relationship of persons or entities affiliated with the Debtor: William T. Azar, III ("Azar"), Empire Holdings Corporation ("Empire Holdings"), Empire Corporation ("Empire Corp."), and Empire Management Services, LLC ("Empire Mgmt."). Azar and many of the entities owned and/or controlled by Azar have filed voluntary petitions under Chapter 7, except for Empire Corp.

5. Azar was an owner (directly or indirectly) and principal of the Debtor, Empire Holdings, Empire Corp., Empire Mgmt., and other affiliated entities.

2

6. On May 9, 2011, Azar and his spouse filed a joint voluntary petition under Chapter 7 (Case No. 11-19693-DK). The Plaintiff has been appointed Chapter 7 Trustee in that bankruptcy case.

7. On October 27, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11. According to the Statement of Financial Affairs, the Debtor is wholly owned by Azar and his spouse.

8. On a Motion to Appoint Chapter 11 Trustee or to Convert by the United States Trustee, the Plaintiff was appointed Chapter 11 Trustee. *See* D.E. 78. On a Motion to Convert by the United States Trustee, this Court converted the case to Chapter 7. *See* D.E. 83.

9. Empire Holdings is a Maryland corporation whose principal place of business is located at 7310 Ritchie Highway, Glen Burnie, Maryland 21061. On October 27, 2010, Empire Holdings also filed a voluntary petition under Chapter 11 (Case No. 10-34580-JS). According to the Statement of Financial Affairs filed in that case, Empire Holdings is wholly owned by Azar and his spouse.

10. The Plaintiff was also appointed Chapter 11 trustee in the Empire Holdings case on a Motion to Appoint Chapter 11 Trustee or to Convert by the United States Trustee. *See* D.E. 49. On a Motion to Convert by the United States Trustee, this Court converted the case to Chapter 7. *See* D.E. 54. Thereafter, the Trustee was appointed Chapter 7 Trustee in the Empire Holdings case.

11. Defendant Empire Corp. is an entity incorporated under the laws of the State of Maryland whose principal place of business is located at Azar Annex, Suite 117, Glen Burnie, Maryland 21061. Empire Corp. was formed by Azar and numerous subscribers in 1971 and,

upon information and belief, Azar has controlled its business and financial affairs since its formation.

12. Defendant Empire Corp. is a partial owner of the Debtor and Empire Mgmt. and is an "insider" within the meaning of Section 101(31)(B) of the Bankruptcy Code. Empire Corp. has not filed a bankruptcy proceeding.

13. Empire Mgmt. is a limited liability company formed under the laws of the State of Maryland whose principal place of business is located at 900 Empire Towers, 7310 Ritchie Highway, Glen Burnie, Maryland 21061.

14. Empire Mgmt. was the purported property management company for the Debtor that allegedly performed building management services such as collecting rents and maintaining the Property (defined below) owned by the Debtor.

15. On November 1, 2011, Empire Mgmt. filed a voluntary petition for Chapter 7 (Case No. 11-31750-RAG). According to the Schedules, it owned virtually no assets or property of any kind, and the trustee has filed a report of no assets in that case. According to the Statement of Financial Affairs filed in that case, it is owned by Azar, Shannon Smith, and David Azar each owned a 1/3 interest. Upon information and belief, Shannon Smith and David Azar are Azar's siblings.

### B. The Debtor's Bankruptcy Proceedings

16. The Debtor is an entity incorporated under the laws of the State of Maryland with a principal place of business located at 900 Empire Towers, Ritchie Highway, Glen Burnie, Maryland 21061.

17. As of the Petition Date, the Debtor owned real estate improved by mixed use office and retail buildings located at 7300 & 7310 Governor Ritchie Highway, Glen Burnie, Maryland 21061 (the "Property").

18. The Property was subject to a mortgage lien in the original principal amount of $14,560,000.00 pursuant to a Deed of Trust in favor of Bank of America, N. A., as trustee and servicer of the loan ("Bank of America"). On April 1, 2011, the Court entered a Consent Order on Bank of America's Motion for Relief From the Automatic Stay, and immediately thereafter, Bank of America filed its Verified Notice of Termination of Automatic Stay due to the failure of the Debtor to provide complete copies of its Debtor-in-Possession accounts. *See* D. E.'s 65 & 68.

19. Among the allegations supporting the Motion for Appointment of a Chapter 11 Trustee or to Convert to Chapter 7 filed in the Debtor's case, the United States Trustee alleged, "Upon information and belief, substantial rental income has been diverted from these debtors-in-possession or, at least, is unaccounted for." *See* D.E. 71 at ¶ 7.

20. Upon conversion of the Debtor's case to Chapter 7, Plaintiff has served as the Trustee in this proceeding pursuant to Sections 701(a) and 702(d) of the Bankruptcy Code.

**C.     The Diversion of the Debtor's Rents From the Property**

21. The Debtor leased office and retail space to various tenants for specific annual rent amounts payable in monthly installments.

22. Azar was, upon information and belief, at all relevant times directing the tenants on the payment of rents that are the subject of this Complaint. Although purportedly the property manager of the Property, Empire Mgmt. did not collect or take possession of the rents generated from the Property.

5

23. Rather than the Debtor collecting pre-petition rent and other income on its own account, or Empire Mgmt. collecting rent and other income as property manager for the Debtor, the tenants and third parties were directed to pay rent (the "Rents") directly to Empire Corp., which deposited the Rents into its own account.

24. The payment of the Rents to Empire Corp. prior to the Petition Date was not on an antecedent debt or pursuant to any agreement that entitled Empire Corp. to receive or retain the Rents, or to use the Rents to pay its liabilities.

25. The Rents constituted a substantial percentage, if not all of the revenues received by Empire Corp. prior to the Petition Date.

26. Empire Corp. retained some of the Rents for its own use, and transferred some of the Rents to third parties.

27. Empire Corp. transferred some of the Rents to the Defendant.

28. Empire Corp. and the Defendant are transferees of such Rents and are not entitled to retain the Rents.

29. Specifically, from the Rents it collected, Empire Corp. paid to the Defendant at least the amount set forth in Exhibit A, which is incorporated herein by reference (the "Rent Proceeds").

30. To the extent Empire Corp. did not transfer Rent Proceeds to the Defendant, in the alternative, Empire Corp. retained the Rents on Exhibit A or transferred them to third parties.

31. Azar's management of the Debtor and the affiliated entities prior to and subsequent to the Petition Date has proven, at a minimum, to be to the detriment of the Debtor, this bankruptcy estate, and its creditors.

32. In an apparent attempt to conceal the diversion of the Debtor's Rents, Azar knowingly failed to operate a cash collateral account properly on behalf of the Debtor post-petition, notwithstanding his knowledge of his obligation to do so.

33. After the Petition Date, Azar continued to divert the Rents by depositing the Rents into an account of Empire Corp. rather than the Debtor in Possession account.

### COUNT I: EMPIRE CORP.
*Fraudulent Conveyance under 11 U.S.C. § 548(a)(1)(A)*

34. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein.

35. The Debtor transferred the Rents, actively or passively, to Empire Corp. within two (2) years of the filing of the petition and with the intent to hinder, delay or defraud the creditors of the Debtor.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against Empire Corp. in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

### COUNT II: DEFENDANT
*Fraudulent Conveyance under 11 U.S.C. § 548(a)(1)(A)*

36. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein.

37. The Debtor, actively or passively, by or through Empire Corp., transferred the Rent Proceeds at least in the amount set forth in Exhibit A to the Defendant within two (2) years of the filing of the petition with the intent to hinder, delay or defraud the creditors of the Debtor.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against the Defendant in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

### COUNT III: EMPIRE CORP.
*Fraudulent Conveyance under 11 U.S.C. § 548(a)(1)(B)*

38. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein.

39. Empire Corp. was the transferee or an entity for whose benefit a transfer was made.

40. The Debtor received less than reasonably equivalent value in exchange for the transfer of the Rents to Empire Corp.

41. The Debtor made the transfer of the Rents for the benefit of Empire Corp., an insider.

42. The Debtor further was insolvent at the time of the transfer of the Rents or rendered insolvent by the same.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against Empire Corp. in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

### COUNT IV: DEFENDANT
*Fraudulent Conveyance under 11 U.S.C. § 548(a)(1)(B)*

43. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein

44. The Defendant was the transferee or an entity for whose benefit such transfer was made.

45. The Debtor received less than reasonably equivalent value in exchange for the transfer of the Rent Proceeds to the Defendant.

46. The Debtor further was insolvent at the time of the transfer of the Rent Proceeds or rendered insolvent by the same.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against the Defendant in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

## COUNT V: EMPIRE CORP.
*Fraudulent Conveyance under 11 U.S.C. § 544*

47. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein.

48. The Commercial Law Article of the Annotated Code of Maryland provides "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud present or future creditors is fraudulent as to both present and future creditors." Md. Code Ann., Commercial Law §15-207.

49. The Debtor did not receive fair consideration for the transfers of the Funds.

50. At the time of the transfers of the Rents, the Debtor was insolvent.

51. Empire Corp. knew that it was not entitled to receive the Rents.

52. The transfer and retainer of the Rents by Empire Corp. are fraudulent conveyances under Md. Code Ann., Commercial Law Article §§ 15-204; 15-205; 15-206; and 15-207.

53. Under 11 U.S.C. § 544, Plaintiff has standing to avoid the transfers of Rent.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against Empire Corp. in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

### COUNT VI: DEFENDANT
*Fraudulent Conveyance under 11 U.S.C. § 544*

54. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein.

55. The Commercial Law Article of the Annotated Code of Maryland provides "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud present or future creditors is fraudulent as to both present and future creditors." Md. Code Ann., Commercial Law §15-207.

56. The Debtor did not receive fair consideration for the transfers of the Rents.

57. At the time of the transfers of Rents, the Debtor was insolvent.

58. The transfer of the Rent Proceeds by the Debtor to the Defendant are fraudulent conveyances under Md. Code Ann., Commercial Law Article §§ 15-204; 15-205; 15-206; and 15-207.

59. Under 11 U.S.C. § 544, Plaintiff has standing to avoid the transfers of Rent Proceeds.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against the Defendant in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

## COUNT VII: EMPIRE CORP.
*Turnover to Avoid Transfer: 11 U.S.C. § 550*

60. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein.

61. Empire Corp. was the initial transferee of the Rents or the entity for whose benefit such transfers were made.

62. Empire Corp. is liable to remit the Rents or the value thereof to the bankruptcy estate.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against Empire Corp. in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

## COUNT VIII: DEFENDANT
*Turnover to Avoid Transfer: 11 U.S.C. § 550*

63. The preceding paragraphs are incorporated herein by reference as if set forth verbatim herein.

64. The Defendant was the initial transferee of the Rent Proceeds or the entity for whose benefit such transfers were made and Empire Corp. was a mere conduit.

65. The Defendant is liable to remit the Rent Proceeds or the value thereof to the bankruptcy estate.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against the Defendant in the amount of at least Fifty-Three Thousand Three Hundred Dollars ($53,300.00); and

B. For such other and further relief as the nature of this cause may require.

Date: October 25, 2012                              Respectfully submitted

                                                    Offit | Kurman, P.A.


                                                     \s\ James M. Hoffman
                                                    James M. Hoffman (Bar #04914)
                                                    Sebastian Forgues (Bar #17946)
                                                    4800 Montgomery Lane, 9th Floor
                                                    Bethesda, MD 20814
                                                    (t) 240.507.1710; (f) 240.507.1735
                                                    JHoffman@OffitKurman.com

                                                    *Attorney for Plaintiff, Joseph J. Bellinger, Chapter 7 Trustee*